**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Anthony Robledo,             )<br>                                             )<br>         Plaintiff,                      )<br>                                             )<br>vs.                                         )<br>                                             )<br>                                             )<br>Charles L. Ryan; et al.,            )<br>                                             )<br>         Defendants.                 )<br>                                             )<br>_____ ) | No. CV 12-1441-PHX-JAT (MEA)<br><br>**ORDER** |

Plaintiff has filed two appeals of Orders of the Magistrate Judge in this case. One seeks to have all of rulings of the Magistrate Judge vacated. Doc. 43. The other appeals three rulings of the Magistrate Judge in this case. Doc. 117. As Defendants note in their response, this Court should affirm the Magistrate Judge's orders unless they are either clearly erroneous or contrary to law. Doc. 119 at 2.

**I.     Appeal at Doc. 43**

In his appeal at Doc. 43, Plaintiff appeals all of the Magistrate Judge's orders because the parties have not consented to Magistrate Judge jurisdiction. Because this case has not been transferred to a Magistrate Judge for trial, but only referred to a Magistrate Judge for pretrial proceedings, this appeal is unfounded.

**II.    Appeal at Doc. 117**

      **A.     Request to Take Depositions**

The Magistrate Judge ruled:

> Plaintiff's motion at Doc. 102 seeks a Court order appointing three psychiatrists who have never been employed by the State of Arizona or Corizon to examine Plaintiff so that the psychiatrists might "prove or disprove the Plaintiff's claim of mental and emotional injuries...". Plaintiff asks the Court to order each of these psychiatrists to submit work histories to the Court to prove they have not been hired by the state or its contractors to provide mental health services.
>
> There is no provision for the procurement of expert witnesses for prisoners or other indigent litigants under 28 U.S.C. § 1915. A federal court may appoint an expert witness under Rule 706(a), Federal Rules of Civil Procedure when, in the Court's discretion, an expert is required to assist the trier of fact in evaluating contradictory or complex evidence. *See, e.g., Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Appointment is not appropriate for the purpose of assisting a litigating party for his own benefit. *See Carranza v. Fraas*, 763 F. Supp. 2d 113, 119-20 (D.D.C. 2011). Plaintiff has not shown issues of requisite complexity requiring appointment of an expert witness. Additionally, although Rule 35, Federal Rules of Civil Procedure authorizes the Court to order a party to submit to a physical examination at the request of an opposing party, this rule does not authorize the Court "to appoint an expert to examine a party wishing an examination of himself." *Smith v. Carroll*, 602 F. Supp. 2d 521, 526 (D. Del. 2009).

Doc. 114 at 1-2.

Plaintiff appeals and argues he should be evaluated because such evaluation might help Defendants' defense. Doc. 117 at 2. For the reasons stated in the Magistrate Judge's order, which are not contrary to law nor clearly erroneous, this request is denied.

**B.     Request to Take Depositions**

The Magistrate Judge ruled:

> Plaintiff's motion at Doc. 106 seeks leave to depose non-parties, i.e., a Deputy Warden, a Sergeant, and a Corrections Officer II. Plaintiff asks the Court to order the depositions take place in person and that Plaintiff be allowed to attend the depositions and have his daily medication and prison scheduled adjusted accordingly. Plaintiff asks that all fees associated with the depositions be deferred. Plaintiff seeks the appointment of counsel for the depositions and asks that his protective segregation file be made available to him prior to the depositions. Plaintiff has made no showing that deposition of these non-parties is relevant or necessary to the prosecution of his claims.

Doc. 114 at 2-3.

In response to the appeal, Defendants note the following practical concerns:

> Additionally, in his Motion, Plaintiff requested that the non-party depositions be conducted before a court-appointed stenographer, that an individual be appointed to read his deposition questions, that the depositions be reduced to

- 2 -

> transcript form, and that the fees for the depositions be deferred. (Motion at 2.) In order for Plaintiff to take depositions in the proposed manner, an ADC correctional officer, who is a notary, would have to be removed from his or her normal daily work activities. This would greatly impact staffing issues in the prison unit and could jeopardize the safe, secure, and orderly operation of the unit.
>
> Furthermore, for the depositions to be of any real use at trial, should that eventually occur, they must be reduced to a transcript form. Plaintiff provided no indication as to how he intends to pay for the depositions and transcripts, other than to request that the fees be deferred. There is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of deposition transcripts. *See* 28 U.S.C. 1915; *Tabron v. Grace*, 6 F.3d 147, 158-159 (3rd Cir. 1993) (finding no abuse of discretion because there is no authorization for the court to commit federal money to provide indigent inmates with copies of deposition transcripts.") Moreover, allowing Plaintiff to defer the cost of the transcripts would deny the Court Reporter of his/her rightful compensation.
>
> Plaintiff also failed to address payment of the attendance fee required by 28 U.S.C. § 1821. *See Tedder v. Odel*, 890 F.2d 210, 211-12 (9th Cir. 1989) (A party proceeding in forma pauperis is still required to pay witness and mileage fees in connection with deposition subpoenas.). The witness fees must be prepaid by Plaintiff prior to service of the deposition subpoenas. See Fed. R. Civ. P. 45(b)(1).

Doc. 119 at 2-3.

Plaintiff appeals and argues that the testimony of these witnesses is relevant. First, the Court affirms the Magistrate Judge's finding that Plaintiff has made no particularized showing that each of these three proposed deponents (who are not parties) has information relevant to Plaintiff's claim. Second, the Court will affirm the Magistrate Judge's ruling for all the logistical reasons set forth by Defendants.

**C.     Request for Appointment of Counsel**

Finally, Plaintiff appeals the Magistrate Judge's denial of his request for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *See Ivey v. Board of Regents of University of Alaska*, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980); *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate

- 3 -

his claims pro se in light of the complexity of the legal issues involved.'" *Wilborn*, 789 F.2d at 1331 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The court must review both of these factors together in deciding whether or not to appoint counsel. *Id.*

Applying this standard, the Court finds that Plaintiff is capable of articulating his claims pro se. Additionally, the Court finds that Plaintiff is not likely to have success on the merits that Defendants emotionally and mentally harmed him by failing to place him in protective segregation.

## III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that the Orders of the Magistrate Judge which are on appeal are affirmed; the appeals are denied (Docs. 43 and 117).

DATED this 13th day of November, 2013.

_____
James A. Teilborg
Senior United States District Judge

- 4 -